Reynolds, J.
Several objections to the order appealed from were taken upon the argument'; the principal one being that no sufficient notice was given of the motion for the present receiver.
Such as it was, there is no dispute it was served upon the defendant personally, as well as upon his attorney, at least two days before the motion was made. This was a compliance with the Code in that respect.* *335 It is true, the defendant swears that “no notice was given him personally that an application would be made for the appointment of a receiver, either orally or writing, only a notice in the alternative,' as set forth in J. J. Perry’s affidavit, annexed.” This amounts only to calling the paper served “no notice.” It is not a denial of its service upon him. But it is strenuously claimed that it was insufficient, being in the alternative. It fairly answered the purpose, however, for which a notice is required. It informed the defendant that, if the court should hold the first appointment irregular, the plaintiff would ask for another, and that he would ask it, in this alternative form, at the same time that he opposed the removal of the first. It was fair notice' to the defendant that, if the court was against the plaintiff on one point, he would ask such other relief as might be the legitimate consequence. It is no uncommon thing for a moving party to embody in' his notice an alternative prayer for relief, to the effect that, if the court denies his first request, he will ask something else as a substitute. Indeed, the general prayer for “ such other and further order in the premises as to the court may seem just, ” as adopted by the defendant, himself, in his motion for the removal of the former receiver, is in substance an alternative notice, and that of the most indefinite kind. It says that if the moving party cannot have what he specifies, he will ask in its place whatever the court may think proper to give instead. In the reason of the thing, why is it not equally proper for a party against whom a motion is made, to give a counter notice that, if the motion against him prevails, he will ask such relief on his part as would be appropriate in that contingency. I see nothing irregular in the pactice. But it was said on the argument that plaintiff’s motion was not argued, or in fact brought to the attention of the court at all, except by inserting the paper, with other papers that *336 were handed to the court. The affidavit of Mr. Perry might seem, on a casual reading, to so state, but on examination it will be found to be recited, as one of the grounds of the defendant’s motion, rather than stated as a fact. Judge Thompson’s affidavit expressly alleges that the motion was distinctly and separately made and argued, and the fact that the court passed upon it would seem to imply that it was so understood.
It is said that the motion was irregular because the plaintiff was then under a stay of proceedings. This is sufficiently answered by the fact that no such objection was taken at the time the motion was made.
It is finally objected that the appointment of Regan was irregular, because another receiver (Cherry) had been appointed in New York city. So far as the defendant is concerned, he knew of that appointment when the motion for Regan’s appointment was made, and did not disclose the fact. Cherry was appointed while Quinn was receiver, he having been appointed first of all, so that his (Cherry’s) appointment was as irregular as that of Regan, and it would be illogical to remove Regan on his account; but even if his appointment were valid I think the defendant waived Ms right to the objection by not bringing the fact to the notice of the court when he was in possession of it, and it was so vital to the matter to be determined.
The order appealed from should be affirmed with costs.
McCtte, J:, concurred.

 See Code Cw. Pro. § 2464.